**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-974-PHX-NVW |
| Plaintiff/Respondent, ) | CV 04-2784-PHX-NVW (MS) |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Jesus Ybarra-Ballesteros, ) | |
| Defendant/Movant. ) | |
| ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Movant, while confined at the Federal Correctional Institution in California City, California, filed on December 6, 2004 a "Motion to Vacate, Set Aside or Correct Sentence" ("Motion") pursuant to 28 U.S.C. section 2255. [Doc. # 19].[1] In his Motion, Movant argues that he received ineffective assistance of counsel because his lawyer spoke no Spanish and that the interpretation during his plea hearing was "impossible to follow." [Id. at 4]. Movant further contends that he was not advised to wait until he could get a better plea agreement, and that he was provided no paperwork to assist in his defense.

///

///

---

[1] Although Movant's Motion has been assigned a civil number, CV 04-2784-PHX-NVW (MS), all documents related to this motion are filed in the Court's criminal file, CR 04-974-PHX-NVW. Therefore, whenever the undersigned refers to a document contained in the file for this case, he refers to the docket number of the document contained in the criminal file.

**I.     PROCEDURAL BACKGROUND**

On August 12, 2004, a criminal complaint was filed charging Movant with Re-entry After Deportation, enhanced by a prior felony offense. 8 U.S.C. § 1326(a), (b)(2). On September 13, 2004, Movant plead guilty to the offense. [Doc. # 14]. Movant was sentenced to 46 months incarceration. [Doc. # 17].

In its response to the Motion, the Government contends that the transcript of the plea hearing indicates that Movant spoke to his attorney and that Movant stated on the record that his attorney answered all of his questions. [Doc. # 27 at 4]. The Government notes that nowhere in the transcript does Movant indicate he could not understand the proceedings or the interpreter. [Id. at 4-5]. The Government further notes that Movant would have received no better plea offer. Therefore, the Government concludes that Movant suffered no prejudice, if indeed counsel was ineffective. The Court provided Movant at least two opportunities to file a Reply (Doc. # 30, 35). Although Movant did file a notice of change of address (Doc. # 36), Movant did not file a Reply.

**II.    ANALYSIS**

To prevail on his claims of ineffective assistance of counsel, Movant must establish that: (1) considering all of the circumstances, his counsel's representation fell below an objective standard of reasonableness; and (2) that Movant was prejudiced by such representation. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); United States v. Solomon, 795 F.3d 747, 749 (9th Cir. 1986). A movant establishes prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

To satisfy the first prong of the Strickland test, Movant must identify the specific acts or omissions of counsel that he alleges do not meet the reasonable professional judgment standard. Id. at 688-90. The Court must then determine

whether the acts or omissions alleged fall outside a wide range of professionally competent decisions given the surrounding circumstances. Id. Movant must overcome the strong presumption that his counsel's conduct fell within this wide-range of reasonable assistance, and that counsel made all significant decisions exercising reasonable professional judgment. Id. at 689-90; United States v. Hamilton, 792 F.3d 837, 839 (9th Cir. 1986), disapproved on other grounds, United States v. Kim, 105 F.3d 1579 (9th Cir. 1997). The Court determines the reasonableness of counsel's actions from the facts of each particular case, and from counsel's perspective at the time of the alleged error based on all the attendant circumstances. Strickland, 466 U.S. at 689.

The Court has reviewed the transcript from the plea hearing. A Spanish interpreter was present at the hearing. The Magistrate Judge asked Movant if the plea agreement was explained in Spanish and whether Movant understood the information contained in the agreement. [Doc. # 27, Exh. A at 4]. Movant answered in the affirmative. [Id.]. At no time during the hearing did Movant state that he did not understand what was being said or explained to him, or that he had not been provided "paperwork" essential to his defense. When Movant expressed his concern about the "harsh" sentence,[2] the Court specifically addressed the matter of a better plea agreement. The Assistant U.S. Attorney stated on the record, at the Court's request, that no better plea agreement would be offered. [Id. at 6-7]. After having been instructed about the sentence he may receive, Movant stated that he had no questions. [Id. at 1-14]. The signed plea agreement states that Movant read the plea agreement with the assistance of counsel and understood its provisions. [Doc. # 16 at 6].

---

[2] Movant had expressed concern that his sentence from the Southern District of California for a prior re-entry had not been as harsh as the sentence outlined in the plea agreement. [Id. at 5-6].

1  Even if Movant's allegation that his plea agreement in the Southern District of
2  California for a similar, prior offense was more favorable, the fact remains that
3  Movant could have received a maximum sentence of 20 years in prison. Movant
4  was sentenced within the range contained in the plea agreement. There is no
5  indication that Plaintiff would have received a more favorable plea agreement, and
6  Movant does not challenge the Government's assertion that no better plea
7  agreement would have been forthcoming. Therefore, counsel's recommendation
8  that he accept the plea, even if somehow unreasonable, did not result in prejudice
9  to Movant.
10  Therefore, the Court finds that the record does not support Movant's
11  contention that counsel was ineffective in recommending the plea agreement, or in
12  ensuring that Movant understood its terms. Considering all the circumstances, it
13  cannot be said that counsel's representation fell below any objective standard of
14  reasonableness, or that Movant was prejudiced by representation related to the plea
15  agreement. The Court will recommend that the Motion be denied and dismissed in
16  its entirety.

17  **III.     RECOMMENDATION**
18  Based on the foregoing analysis,
19  IT IS RECOMMENDED that Movant's "Motion to Vacate, Set Aside or Correct
20  Sentence" ("Motion") pursuant to 28 U.S.C. section 2255 (Doc. # 19) be DENIED
21  and DISMISSED in its entirety.
22  This recommendation is not an order that is immediately appealable to the
23  Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1),
24  Federal Rules of Appellate Procedure, should not be filed until entry of the district
25  court's judgment. The parties shall have ten (10) days from the date of service of
26  a copy of this recommendation within which to file specific written objections with the
27  Court. 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of
28  Civil Procedure. Failure to timely file objections to any factual determinations of the

1  Magistrate Judge will be considered a waiver of a party's right to *de novo*
2  consideration of the factual issues and will constitute a waiver of a party's right to
3  appellate review of the findings of fact in an order or judgment entered pursuant to
4  the Magistrate Judge's recommendation.
5      DATED this 19th day of September, 2005.

Morton Sitver
United States Magistrate Judge